| |
|---|
| **Kamboj v New York Univ.** |
| 2024 NY Slip Op 34282(U) |
| December 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160869/2019 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   HON. DEBRA A. JAMES

*Justice*

**PART**   59

-------------------------------------------------------------------------------X

RAJIT KAMBOJ,

Petitioner,

- v -

NEW YORK UNIVERSITY,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160869/2019 |
| **MOTION DATE** | 03/15/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 95

were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)                    .

## ORDER

Upon the foregoing documents, it is

ORDERED and ADJUDGED that the petition is denied and the proceeding is dismissed, without costs and disbursements to respondent.

## DECISION

In this Article 78 proceeding, petitioner seeks judicial review of the decision of respondent New York University ("NYU") decision to expel him from its dental school, arguing that such expulsion took place in violation of its own policies and guidelines.

This court is not persuaded by petitioner's contention that NYU violated its policy that provides senior students an extension (i.e. "Y" grades) to "complete[] clinical requirements for those

**160869/2019   KAMBOJ, RAJIT vs. NEW YORK UNIVERSITY**
Motion No.  001

**Page 1 of 4**

[* 1]

courses until done", a policy set forth in the informational presentation for graduating students, (NYU Graduation Process: What You Need to Know and Do" NYSCEF Doc No 004), even, assuming arguendo, that such power point presentation amended the Academic Standards (Academic Standards and Policies for Predoctoral Program in Dentistry at NYU College of Dentistry, NYSCEF Doc No. 75 [hereinafter "Academic Standards"]).

As for petitioner's second D4 year, which commenced on June 1, 2018, respondent determined not that petitioner had insufficient clinical performances to allow an evaluation of his performance, but that the clinical performances petitioner had carried out did not meet the Academic Standards.

While petitioner contends that respondent should have given him "Y" grades and allowed him time to complete the clinics "until done", he admits to NYU's "strict attendance policy" with respect to the Pediatric Dentistry Clinic, Verified Petition, NYSCEF Doc No 1, ¶ 55, which he violated as he was late to class on more than one occasion and had one unexcused absence, and thus earned a failing grade.

With respect to the Oral Surgery Hospital and Clinic Rotations, the record shows that petitioner failed to complete "40 documented extractions during the period of D3 and D4 years, inclusive of D3 year assists", a prerequisite for passing such clinic. Petitioner asserts that respondent arbitrarily neglected

**160869/2019   KAMBOJ, RAJIT vs. NEW YORK UNIVERSITY**
**Motion No.  001**

**Page 2 of 4**

2 of 4

to carry over his prior earned credits from his D3 study year. However, attached to the Petition is an e-mail message dated June 20, 2019, from petitioner to Dr. Leslie Abraham, in response to the request of Dr. Abraham for a "screenshot of your Competency report", wherein petitioner writes

> The extraction competency, if I remember correctly, it was on a green paper sheet and we submitted a carbon copy of it. I had also completed this in 2016, [i]f that was for D3 instead, correct me if I am wrong. I have pictures of my completion of assignments/competencies and I will look for this as well. I think back then we had to fill out those sheets and the MDR would be put into the computer. I will follow-up with an email later today for clarification. If I do not have them or they are not eligible, could I come tomorrow to complete both of them?"

E-mail message from petitioner to Dr. Abraham, NYSCEF Doc No 007, Petition Exhibit 5.

The record before the court demonstrates that petitioner never met his promise to provide "pictures". Such unmet promise constitutes evidence that respondent did not overlook any prior earned credits from petitioner's D3 study year.

Petitioner claims that he completed at least 50% of the D3 and D4 requirements of the Fixed Prosthodontics & Implant Clinic. However, by e-mail message dated June 2, 2019 to Michael B. Ferguson, petitioner admits that he failed to complete such prerequisite. See NYSCEF Doc No 12, Petition Exhibit 10.

Petitioner does not deny that he did not complete the Removable Partial Denture Objective Structure Clinical Examination (OSCE exam) of the Removable Prosthodontics & Implants Clinic.

**160869/2019   KAMBOJ, RAJIT vs. NEW YORK UNIVERSITY**          **Page 3 of 4**
**Motion No.  001**

3 of 4

[* 3]

See trail of e-mail messages between Dr. Leila Jahangiri and petitioner, from May 21 – May 31, 2019, NYSCEF Document No 14.

In summary, there is nothing in the record that supports petitioner's contention that respondent's determination to not awarded him a "Y" grade in his clinical courses was irrational or in breach of its policies. The record establishes that petitioner never completed the prerequisites of such clinics, which would have established his competencies, and a basis to grant him such an extension. Accordingly, it was rational, and neither arbitrary nor capricious, for respondent to determine that petitioner failed the clinical requirements, not due to insufficient time to complete such requirements, but due to his failures to establish his competencies within the time frame established in the Academic Standards. As the Academic Standards provide that a student may be dismissed for "[r]eceiving two 'F' grades at any time during an academic year being repeated", NYSCEF Doc No 75, supra, p. 7, NYU's determination to dismiss petitioner was rational, and neither arbitrary nor capricious. See Farooqui v Columbia University, 199 AD3d 411 (1st Dept 2021).

20241204170941DJAMESB37422DF0591476D8C7E929C3EC62FF3

_____
**12/4/2024**
**DATE**

_____
**DEBRA A. JAMES, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160869/2019   KAMBOJ, RAJIT vs. NEW YORK UNIVERSITY**
**Motion No.  001**

**Page 4 of 4**

[* 4]